# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: September 26, 2024

```
* * * * * * * * * * * * *
JOE H. CASTILLO,              *
                              *
         Petitioner,          *     No. 18-115V
                              *
v.                            *     Special Master Gowen
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
         Respondent.          *
* * * * * * * * * * * * *
```

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 3, 2024, Joe H. Castillo, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 97). On February 27, 2024, petitioner filed a motion to amend his fees motion to include the economist's fees to the requested costs. (ECF No. 100). This motion is **GRANTED**. For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$134,993.12** petitioner's present counsel and a total of **$4,245.00** to petitioner's former counsel.

### I.    Procedural History

On January 23, 2018, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] *See* Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("Flu") vaccine on January 23, 2015, he suffered from Transverse Myelitis

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

("TM"). *Id*. On June 27, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on that same day. (ECF No. 92).

On January 3, 2024, petitioner filed a motion for attorneys' fees and costs, and on February 27, 2024, petitioner filed a motion to amend his fees motion to include the economist's fees to the requested costs. Petitioner requests compensation in the total amount of $134,993.12, representing $110,542.80 in attorneys' fees and $24,450.32 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of his claim. *Id*. at 2. Petitioner also requests attorneys' fees and costs in the amount of $5,745.00, representing $5,345.00 in attorneys' fees and $400.00 in litigation costs, for work performed by his former counsel, Ricardo Garcia. Respondent responded to the amended fees motion on March 1, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 101). Petitioner filed her reply on March 4, 2024, requesting the Court award the fees and costs in full. (ECF No. 102).

The matter is now ripe for adjudication.

## II. Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following rates of compensation for his attorneys: for Ms. Leah V. Durant ("LVD"), $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 for work performed in 2021, $441.00 for work performed in 2022, and $463.00 per hour for work performed in 2023; for Mr. Mike Milmoe ("MM"), $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 for work performed in 2021, and $525.00 per hour for work performed in 2022; and for Mr. Richard Armada ("RA"), $420.00 per hour for work performed in 2022, and $441.00 per hour for work performed in 2023. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work

being performed and the length of time it took to perform each task. Respondent did not respond to the fees motion, and thus has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $110,542.80.

Petitioner's former counsel, Mr. Ricardo Garcia, who referred the case to present counsel, after doing this initial workup of the case and filing the initial petition, also requests attorneys' fees in the amount of $5,345.00. Mr. Garcia requested a rate of $500 per hour for work performed from 2016-2019. Notably, the requested rate is higher than the highest rate on the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for any of those years. Mr. Garcia has been licensed to practice law in the State of Texas since 1982. However, it does not appear that he has experience litigating claims in the Vaccine Program. Based on the amount of time Mr. Garcia has been a licensed attorney and the Forum Hourly Rate Fee Schedule for the years 2016-2019, I find it appropriate to award Mr. Garcia a rate of $350 per hour. The requested paralegal rate of $150 per hour is consistent with the Forum Hourly Rate Fee Schedule and is awarded. Mr. Garcia's billing entries appear reasonable and accurately describe the work performed and the length of time it took to perform each task. Thus, I reduce the requested by $1,500.00 to account for the reduced rate and award Mr. Garcia $3,845.00 in attorneys' fees.

   b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $24,450.32. This amount is comprised of acquiring medical records and review of those records by Dr. Catherine Shaer and Mr. Timothy Hancock, postage, scanning, copy, print, and binding services, the Court's filing fee, lost wage services provided by JMW Settlements, LLC, life care planning services, and economist services. The life care planning services were provided by Ms. Roberta Hurley at a rate of $125.00 per hour, and also included travel costs related to the site visit, airfare, car rental, food, hotel accommodations, gas, and parking totaling $16,050.32. Fees App. Ex. 1 at 24-37. The economist services were provided by Mr. Robert W. Cook at a rate of $300.00 per hour for 28 hours totaling $8,400.00. Amended Fees App. Ex. 3 at 23-25. Petitioner has provided adequate documentation supporting all of her requested costs. Petitioner is therefore awarded the full amount of costs sought.

Petitioner's prior attorney, Mr. Garcia requests $400 in attorneys' costs related to the filing fee for the petition. Such cost is a reasonable litigation expense. Therefore, I award Mr. Garcia $400 in attorneys' costs.

## III. Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs.

**Accordingly, I award the following:**

1) **A lump sum in the amount of $134,993.12, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his counsel, Ms. Leah Durant.**

3

2) **A lump sum in the amount of $4,245.00 representing Petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his former counsel, Mr. Ricardo Garcia.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).